IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **CHARLES MYRON TAYLOR, II,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| Governor **BRIAN P. KEMP,** *et al.*, | : | NO. 4:20-cv-90-CDL-MSH |
| | : | |
| Defendants. | : | |
| _____ | : | **ORDER** |

*Pro se* Plaintiff Charles Myron Taylor, II, a prisoner at Rutledge State Prison in Columbus, Georgia, filed a 42 U.S.C. § 1983 complaint on May 5, 2020. ECF No. 1. He also moved to proceed *in forma pauperis*. ECF No. 5. On June 15, 2020, the Court granted his motion to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee in the amount of $10.00. ECF No. 6. Plaintiff failed to pay the fee. The Court, therefore, ordered Plaintiff to show cause why his complaint should not be dismissed for failure to pay the $10.00 initial partial filing fee. ECF No. 7. Plaintiff failed to respond to the Order to Show Cause. Based on Plaintiff's failure to comply with the Court's Orders, the Court dismissed Plaintiff's action without prejudice on September 10, 2020. ECF No. 8.

Plaintiff filed a notice of appeal on October 6, 2020, an amended notice of appeal

on October 22, 2020, and a second amended notice of appeal on October 27, 2020.   ECF Nos. 10; 13; 14.   On November 12, 2020, the Eleventh Circuit dismissed Plaintiff's appeal for failure to pay the appellate filing fee or move to proceed *in forma pauperis*.[1]   ECF No. 16.   On November 25, 2020, Plaintiff moved to proceed *in forma pauperis* on appeal.   ECF No. 17.

A court may authorize an appeal of a civil action without prepayment of fees if the prisoner submits an affidavit that includes a statement of all assets and that states the prisoner is unable to pay or give security therefor.[2]   *See* 28 U.S.C. § 1915(a)(1).   Nevertheless, this Court may deny *in forma pauperis* status if the Court determines the appeal is not taken in good faith.   *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.").   "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard.   *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982).

---

[1]  Based on this dismissal, it is possible that Plaintiff's motion to proceed *in forma pauperis* on appeal could be denied as moot.   The Court, however, does not deny Plaintiff's motion to proceed *in forma pauperis* on appeal for this reason.   Instead, the Court denies Plaintiff's motion to proceed *in forma pauperis* on appeal because an appeal from this action cannot be taken in good faith.

[2]  The Court notes that Plaintiff has not submitted a copy of his prisoner trust fund account.  Thus, the Court has no way of determining Plaintiff's ability to pay the appellate filing fee.   The Court, however, does not deny Plaintiff's motion to proceed *in forma pauperis* on appeal for this reason.   Instead, the Court denies Plaintiff's motion to proceed *in forma pauperis* on appeal because an appeal from this action cannot be taken in good faith.

In the Court's best judgment, an appeal cannot be taken in good faith. The Court therefore certifies, pursuant to § 1915(a)(3), that Plaintiff's appeal is not taken in good faith. Accordingly, Plaintiff's motion to proceed *in forma pauperis* on appeal is hereby **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 1st day of December, 2020.

S/Clay D. Land  
**CLAY D. LAND**  
**U.S. DISTRICT COURT JUDGE**  
**MIDDLE DISTRICT OF GEORGIA**